EXHIBIT 1    22 СJ000359

# STATE OF NORTH CAROLINA

**HARNETT** _____ County

| | File No. |
|---|---|
| | 22 CVS |

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Thomas Eugene Allen | **CIVIL SUMMONS** |
| *Address*<br>c/o Norman Charles Post, III, P.O. Box 1320 | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| *City, State, Zip*<br>Sanford                    NC    27331-1320 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>CITY OF DUNN, TRAE GONZALES, Indivdually and in his official capacity, and APPELLES HART, II individually and in his official capacity | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1*<br>APELLES HART, II<br>401 East Broad Street, Suite 1<br>Dunn, NC  28335 | *Name And Address Of Defendant 2* |
|---|---|

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1.  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2.  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Norman Charles Post, III<br>Attorney at Law<br>P.O. Box 1320<br>Sanford                    NC    27331-1320 | *Date Issued*<br>3·2·2022 | *Time*<br>2:51  ☐ AM ☑ PM |
|---|---|---|
| | *Signature*<br>_a.Kerry_ | |
| | ☑ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____HARNETT_____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Thomas Eugene Allen | |
| *Address*<br>c/o Norman Charles Post, III, P.O. Box 1320 | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Sanford          NC    27331-1320 | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |

<table>
<tr><td colspan="2" align="center"><b>VERSUS</b></td><td align="right">G.S. 1A-1, Rules 3 and 4</td></tr>
<tr><td colspan="2"><i>Name Of Defendant(s)</i><br>CITY OF DUNN, TRAE GONZALES, Indivdually and in his<br>official capacity, and APPELLES HART, II individually and in<br>his official capacity</td><td><i>Date Original Summons Issued</i><br><br><i>Date(s) Subsequent Summons(es) Issued</i></td></tr>
</table>

**To Each Of The Defendant(s) Named Below:**

| | |
|---|---|
| *Name And Address Of Defendant 1*<br>TRAE GONZALES<br>401 East Broad Street, Suite 1<br>Dunn, NC  28335 | *Name And Address Of Defendant 2* |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Norman Charles Post, III<br>Attorney at Law<br>P.O. Box 1320<br>Sanford          NC    27331-1320 | *Date Issued*<br>3·2·2022<br>*Signature*<br>*[signature]*<br>☑ Deputy CSC   ☐ Assistant CSC | *Time*<br>2:51   ☐ AM ☑ PM<br><br><br>☐ Clerk Of Superior Court |

| | | |
|---|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within this Summons must be served is extended sixty (60) days. | *Date Of Endorsement*<br><br>*Signature*<br><br>☐ Deputy CSC   ☐ Assistant CSC | *Time*<br>☐ AM ☐ PM<br><br><br>☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | **RETURN OF SERVICE** | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

HARNETT _____ County

▶ File No.
22 CVS

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Thomas Eugene Allen | |
| *Address*<br>c/o Norman Charles Post, III, P.O. Box 1320 | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| *City, State, Zip*<br>Sanford            NC    27331-1320 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>CITY OF DUNN, TRAE GONZALES, Indivdually and in his<br>official capacity, and APPELLES HART, II individually and in<br>his official capacity | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| | |
|---|---|
| *Name And Address Of Defendant 1*<br>CITY OF DUNN<br>c/o City Manager Steven Neuschafer<br>401 East Broad Street<br>Dunn                   NC    28335 | *Name And Address Of Defendant 2* |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Norman Charles Post, III<br>Attorney at Law<br>P.O. Box 1320<br>Sanford                   NC    27331-1320 | *Date Issued*<br>3-2-2022 | *Time*<br>2:51  ☐ AM  ☒ PM |
| | *Signature*<br>*aKeny* | |
| | ☒ *Deputy CSC*  ☐ *Assistant CSC*  ☐ *Clerk Of Superior Court* | |

| | | |
|---|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM  ☐ PM |
| | *Signature* | |
| | ☐ *Deputy CSC*  ☐ *Assistant CSC*  ☐ *Clerk Of Superior Court* | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> *Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> *Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

NORTH CAROLINA     FILED     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

HARNETT COUNTY    2022 MAR -2 P 2: 52     22 CVS:_____

THOMAS EUGENE ALLEN, HARNETT CO., C.S.C.

    Plaintiff,    BY_____

    vs.

The CITY OF DUNN, a political subdivision of
the State of North Carolina, TRAE
GONZALES, individually and in his official
capacity as a law enforcement officer with the
City of Dunn Police Department, and APELLES
HART, II, individually and in his official
capacity as a law enforcement officer with the
City of Dunn Police Department,

    Defendants.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

     NOW COMES Plaintiff, Thomas Eugene Allen (hereinafter "Plaintiff") by and through his undersigned counsel, complaining of The City of Dunn, North Carolina (hereinafter "Defendant City"), Trae Gonzales (hereinafter "Defendant Gonzales") and Apelles Hart, II (hereinafter "Defendant Hart") as follows:

## NATURE OF THE ACTION

1. This is an action for assault, battery, or alternatively excessive force, as well as false imprisonment, malicious prosecution, negligence, and violations of Plaintiff's constitutional civil rights.

2. Specifically, a dispute arose between Plaintiff and Defendants Gonzales and Hart regarding a traffic jam at an intersection in Dunn, North Carolina; however, as alleged hereinbelow, said Defendants unnecessarily and unreasonably escalated said dispute into a violent, physical encounter in which Plaintiff was punched, head locked, choked, slammed, unlawfully arrested, unjustifiably charged with criminal offenses, and falsely imprisoned in the Harnett County Detention Center.

3. Moreover, as alleged hereinbelow, the narrative portion of Defendant Hart's incident report regarding said encounter is patently inconsistent with a video recording of the encounter and, upon information and belief, Defendant Hart fabricated portions of said report to support the criminal proceedings instituted against Plaintiff and to justify Defendant Gonzales' violent attack on Plaintiff.

## PARTIES

4. Plaintiff, a fifty-six (56) year old white male, is a citizen and resident of Sampson County, North Carolina.

5. Defendant City is a North Carolina municipal corporation, duly chartered and existing pursuant to North Carolina law, located in Harnett County, North Carolina.

6. At all times relevant herein, Defendant City managed, directed, controlled, and acted through its administrative subdivision known as the Dunn Police Department (hereinafter "DPD").

7. Upon information and belief, Defendant City has purchased insurance and/or maintains a practice and procedure of providing insurance coverage for the claims alleged herein by either contracting with an insurance company or participating in an insurance risk pool and, therefore, Defendant City has waived any defense of sovereign and/or governmental immunity.

8. At all times relevant herein, Defendant City acted through its authorized agents and employees such that any acts, practices, and/or omissions of such agents and employees are vicariously imputed to Defendant City pursuant to the doctrine of *respondeat superior*.

9. Upon information and belief, Defendant Gonzales is a citizen and resident of Harnett County, North Carolina.

10. At all times relevant herein, Defendant City employed Defendant Gonzales as a DPD police officer.

11. At all times relevant herein, Defendant Gonzales acted as an agent and employee of Defendant City.

12. At all times relevant herein, Defendant Gonzales acted within the course and scope of his employment as a police officer for Defendant City and in furtherance of Defendant City's business.

13. That Plaintiff is suing Defendant Gonzales in his official and individual capacities, and that all acts and omissions alleged herein against Defendant Gonzales were undertaken in Defendant Gonzales' official and individual capacities.

14. Upon information and belief, Defendant Hart is a citizen and resident of Harnett County, North Carolina.

15. At all times relevant herein, Defendant City employed Defendant Hart as a DPD police officer.

16. At all times relevant herein, Defendant Hart acted as an agent and employee of Defendant City.

17. At all times relevant herein, Defendant Hart acted within the course and scope of his employment as a police officer for Defendant City and in furtherance of Defendant City's business.

18. That Plaintiff is suing Defendant Hart in his official and individual capacities, and that all acts and omissions alleged herein against Defendant Hart were undertaken in Defendant Harts' official and individual capacities.

## JURISDICTION AND VENUE

19. Pursuant to N.C. Gen. Stat. § 1-75.4 *et seq.*, the Court has personal jurisdiction over Defendants.

20. Pursuant to N.C. Gen. Stat. § 7A-243, the Court has subject matter jurisdiction over this action.

21. Pursuant to N.C. Gen. Stat. § 1-82 *et seq.*, venue is proper in Harnett County, North Carolina.

## FACTUAL ALLEGATIONS

22. On March 16, 2021, at approximately 4:15p.m., Plaintiff was driving his Ford Fusion automobile (hereinafter "vehicle") through the City of Dunn when he encountered a traffic jam near the intersection of West Granville Street and North Ellis Avenue (hereinafter "intersection").

23. Plaintiff previously experienced traffic jams and delays at said intersection and, upon information and belief, said jams and delays resulted from DPD's failure to properly direct and control traffic at the intersection.

24. Upon information and belief, at the time, date, and location alleged in paragraph twenty-two (22), Defendant Gonzales and Defendant Hart were directing traffic at the intersection in their official capacities as DPD law enforcement officers on behalf of Defendant City.

25. Upon entering said intersection, Plaintiff turned right off North Ellis Avenue and onto West Granville Street; however, after making said right turn, the aforementioned traffic jam prevented Plaintiff from further proceeding down West Granville Street.

26. Given that Plaintiff was stuck in traffic, and further given that said traffic was not moving, Plaintiff exited his vehicle, began walking towards Defendant Gonzales, and asked Defendant Gonzales whether DPD had trained Defendant Gonzales to direct and control traffic.

27. As Plaintiff exited his vehicle, began walking towards Defendant Gonzales, and addressed his question to Defendant Gonzales, Defendant Gonzales began walking towards Plaintiff and shouted at Plaintiff to return to Plaintiff's vehicle.

28. Given that Plaintiff had approached and questioned Defendant Gonzales in a non-threatening manner, while traffic was dormant, Plaintiff's actions were lawful and, therefore, Defendant Gonzales' order for Plaintiff to return to Plaintiff's vehicle was not a lawful order.

29. In response to Defendant Gonzales shouting, and given that traffic remained dormant, Plaintiff asked Defendant Gonzales why Defendant Gonzales would not answer Plaintiff's question.

30. Plaintiff then passionately, yet peacefully, expressed his frustration with the traffic jam described herein, turned away from Defendant Gonzales, and began walking back to his vehicle as directed.

31. Given that Plaintiff expressed his frustration in a non-threating manner, while traffic remained dormant, and then voluntarily walked back towards his vehicle, Plaintiff's actions were lawful and, therefore, Defendant Gonzales' continued order for Plaintiff to return to his vehicle remained unlawful.

32. In response to Plaintiff vocally expressing his frustration, and despite Plaintiff turning away and walking back towards his vehicle as directed, Defendant Gonzales proceeded to follow behind Plaintiff, point his finger towards Plaintiff, and continued shouting orders at Plaintiff.

33. In response to Defendant Gonzales following behind Plaintiff, continuing to point his finger at Plaintiff, and continuing to shout orders at Plaintiff, Plaintiff turned around, faced Defendant Gonzales, and asked Defendant Gonzales for his badge number.

34. Defendant Gonzales refused to provide his badge number to Plaintiff.

35. In response to Defendant Gonzales' refusal, Plaintiff removed his cellphone from his pants pocket and attempted to utilize the cellphone's camera feature to photograph Defendant Gonzales' badge.

36. Once Plaintiff removed his cellphone from his pocket, both of Plaintiff's hands were directly in front of his chest in a visible, non-threating position.

37. Given that Plaintiff requested Defendant Gonzales' badge number in a non-threating manner, and further given that Plaintiff attempted to photograph Defendant Gonzales' badge in a non-threating manner, Plaintiff's actions were lawful and, therefore, neither Defendant Gonzales nor Defendant Hart had probable cause to arrest Plaintiff.

38. In response to Plaintiff's attempt to photograph Defendant Gonzales' badge, Defendant Gonzales used his left hand, followed by his right hand, to grab Plaintiff's left arm.

39. After attempting to grab Plaintiff's left arm, Defendant Gonzales began repeatedly closed fist punching Plaintiff in the head and face.

40. As Defendant Gonzales closed fist punched Plaintiff in the head and face, Plaintiff instinctually and continually backed away from Defendant Gonzales.

41. As Plaintiff backed away from Defendant Gonzales, Plaintiff attempted to extend his hands and arms in front of his face, head, and body to avoid being repeatedly closed fist punched by Defendant Gonzales.

42. Despite Plaintiff attempting to back away and shield himself from Defendant Gonzales' closed fist punches, Defendant Gonzales closed fist punched Plaintiff in the head and face approximately ten (10) times within approximately five (5) seconds.

43. During said five (5) second span, Plaintiff did not strike or injure Defendant Gonzales.

44. As Defendant Gonzales was punching Plaintiff, Defendant Hart responded to the encounter, engaged Plaintiff from behind, and placed Plaintiff in a restraining hold.

45. While Plaintiff remained restrained in Defendant Hart's said hold, Defendant Gonzales continued to closed fist punch Plaintiff in the head and face approximately three (3) more times.

46. After closed fist punching Plaintiff in the head and face approximately thirteen (13) total times, Defendant Gonzales took approximately four (4) steps back, paused, and watched as Defendant Hart escorted the restrained Plaintiff towards Plaintiff's vehicle.

47. Despite Defendant Hart maintaining physical control and escorting Plaintiff towards Plaintiff's vehicle, Defendant Gonzales reapproached the restrained and non-resistant Plaintiff, placed Plaintiff in a headlock chokehold and, while Defendant Hart continued restraining Plaintiff from behind, Defendant Gonzales squeezed and twisted Plaintiff's neck in said headlock chokehold.

48. In response to Plaintiff's neck being squeezed and twisted, Plaintiff instinctually attempted to remove his neck from Defendant Gonzales' headlock chokehold.

49. As Plaintiff attempted to remove his neck from Defendant Gonzales' hold, Defendant Gonzales used his right hand to strike Plaintiff in the face approximately one (1) time, and used his left hand to grab and squeeze Plaintiff's throat.

50. Then, with Defendant Hart's assistance, Defendant Gonzales used his grip on Plaintiff's throat to lift Plaintiff off the ground, force Plaintiff backwards, and slam Plaintiff against the trunk of Plaintiff's vehicle.

51. Thereafter, Defendant Gonzalez and Defendant Hart arrested Plaintiff, placed Plaintiff in handcuffs, searched Plaintiff's person, searched Plaintiff's vehicle, and charged Plaintiff with the following offenses:

    a) One misdemeanor count of Resisting a Public Officer (G.S. 14-223);

    b) One misdemeanor count of Impeding Traffic (G.S. 20-174.1);

    c) One misdemeanor count of Simple Possession of a Schedule II controlled substance (G.S. 90-95(d)(2));

    d) One misdemeanor count of Possession of Drug Paraphernalia (G.S. 90-113.22(a)), and

    e) One felony count of Felony Assault on a Law Enforcement Officer (G.S. 14-34.7(c)(1)).

52. For the avoidance of all doubt, Plaintiff maintained a valid prescription for the medication underlying Plaintiff's misdemeanor count of Simple Possession of a Schedule II controlled substance (G.S. 90-95(d)(2)), which was one (1) dosage unit of a ten milligram (10 mg) Hydrocodone pill.

53. For the avoidance of all doubt, Plaintiff's misdemeanor count of Possession of Drug Paraphernalia (G.S. 90-113.22(a)) arose from his possession of a pill container, which he used to safely store his prescription medication.

54. After arresting, handcuffing, searching, and charging Plaintiff with the aforementioned offenses, Defendant Hart transported Plaintiff to the Harnett County Detention Center where, upon information and belief, Defendant Hart swore, under oath, to certain facts giving rise to purported probable cause for Plaintiff's arrest.

55. At the Harnett County Detention Center, Plaintiff was placed under a twenty thousand dollar ($20,000.00) secured bond, and then processed into the Harnett County Jail.

56. Upon information and belief, subsequent to transporting Plaintiff to the Harnett County Detention Center and presenting him before a Magistrate, Defendant Hart completed an incident report concerning the encounter alleged herein.

57. Upon information and belief, in completing said incident report, Defendant Hart drafted a narrative of the encounter to support the criminal offenses he charged against Plaintiff.

58. Unbeknownst to Defendant Hart, a concerned citizen captured a visual recording of the encounter alleged herein, and said recording depicts an encounter patently inconsistent with Defendant Hart's narrative.

59. Upon information and belief, in drafting the narrative portion of the incident report, Defendant Hart knowingly and intentionally misrepresented how the encounter occurred to support the criminal proceedings he instituted against Plaintiff and to justify Defendant Gonzales' violent attack on Plaintiff.

60. On June 1, 2021, after investigating the encounter and reviewing the video recording referenced in paragraph fifty-eight (58), the Harnett County District Attorney's Office voluntarily dismissed the following charges pending against Plaintiff under Harnett County case file numbers CR 50782 and CR 50783:

   a)  One misdemeanor count of Resisting a Public Officer (G.S. 14-223);

   b)  One misdemeanor count of Simple Possession of a Schedule II controlled substance (G.S. 90-95(d)(2));

   c)  One misdemeanor count of Possession of Drug Paraphernalia (G.S. 90-113.22(a)), and

   d)  One felony count of Felony Assault on a Law Enforcement Officer (G.S. 14-34.7(c)(1)).

61. While on June 1, 2021, Plaintiff pled no contest to one misdemeanor count of Impeding Traffic (G.S. 20-174.1), Plaintiff's plea was neither an admittance of guilt nor an

acknowledgment of probable cause. Moreover, said count of Impeding Traffic does not arise out of the same act as the dismissed charges alleged in paragraph sixty (60).

62. While Plaintiff alleges that Defendant lacked probable cause to arrest and charge Plaintiff with the aforementioned offenses, Plaintiff pleads in the alternative that Defendant Gonzales manufactured the existence of any purported probable cause Defendants may assert by antagonistically following, pointing, and shouting unlawful orders at Plaintiff as Plaintiff walked back towards his vehicle, which unnecessarily escalated and extended the encounter beyond the scope of Plaintiff's initial actions and, therefore, should estop Defendant from asserting the existence of any purported probable cause to bar Plaintiff's claims.

63. As a direct and proximate cause of Defendants' actions, Plaintiff suffered painful personal injuries, was falsely imprisoned, maliciously prosecuted, deprived of his constitutional civil rights, incurred significant legal expenses, experienced mental anguish, embarrassment, and loss of reputation.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS GONZALES AND HART
### (*Common Law Assault*)

64. Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

65. Defendants Gonzales and Hart, by way of their physical acts and displays of violent force against Plaintiff, threatened Plaintiff with imminent bodily injury.

66. Defendant Gonzales' and Defendant Hart's said acts and displays caused Plaintiff reasonable apprehension of imminent bodily injury.

67. At the time Defendants Gonzales and Hart initiated said acts and displays against Plaintiff, said Defendants lacked probable cause to effectuate a lawful arrest.

68. That Defendant Gonzales' and Defendant Hart's actions were undertaken without justification.

69. That Defendant Gonzales' and Defendant Hart's actions were undertaken with a malicious, willful, and wanton disregard for Plaintiff's rights and safety.

70. That, based upon said Defendants' actions, Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages against Defendants in an amount exceeding twenty-five thousand dollars ($25,000.00).

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS GONZALES AND HART
*(Common Law Battery in Making Unlawful Arrest)*

71. Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

72. Defendant Gonzales intentionally caused bodily contact with Plaintiff in the following ways:

   a) Defendant Gonzales used his left hand, followed by his right hand, to grab Plaintiff's left arm;

   b) Defendant Gonzales closed fist punched Plaintiff in the head and face approximately thirteen (13) times;

   c) Defendant Gonzales placed Plaintiff in a headlock chokehold;

   d) Defendant Gonzales squeezed and twisted Plaintiff's neck in said headlock chokehold;

   e) Defendant Gonzales used his right hand to strike Plaintiff in the face approximately one (1) time;

   f) Defendant Gonzales used his left hand to grab and squeeze Plaintiff's throat;

   g) Defendant Gonzales used his grip on Plaintiff's throat to lift Plaintiff into the air, force Plaintiff backwards, and slam Plaintiff onto Plaintiff's vehicle, and

   h) Additional ways to be proven at trial.

73. Defendant Hart intentionally caused bodily contact with Plaintiff in the following ways:

   a) Defendant Hart engaged and restrained Plaintiff from behind, while Defendant Gonzales closed fist punched, head locked, and choked Plaintiff;

   b) Defendant Hart restrained Plaintiff by wrapping his arms around Plaintiff's back, chest, neck, and under Plaintiff's arm;

   c) Upon information and belief, as Defendant Hart restrained Plaintiff, Defendant Hart knew that Defendant Gonzales was still attacking Plaintiff and, upon information and belief, Defendant Hart knew that his restraint of Plaintiff enabled and assisted Defendant Gonzales' continued attack on Plaintiff.

d) Defendant Hart utilized said restraining holds to force Plaintiff back towards Plaintiff's vehicle and, with Defendant Gonzales' assistance, slammed Plaintiff into Plaintiff's vehicle, and

e) Additional ways to be proven at trial.

74. Defendant Gonzales' and Defendant Hart's bodily contacts with Plaintiff offended Plaintiff's reasonable sense of personal dignity, and said bodily contacts caused Plaintiff physical pain and injury.

75. Defendant Gonzales' and Defendant Hart's bodily contact with Plaintiff occurred without Plaintiff's consent.

76. At the time Defendants Gonzales and Hart initiated said unconsented bodily contact against Plaintiff, said Defendants lacked probable to effectuate a lawful arrest.

77. That the unconsented bodily contact Defendants Gonzales and Hart initiated against Plaintiff proximately caused Plaintiff to suffer painful bodily injuries and mental anguish.

78. That Defendant Gonzales' and Defendant Hart's actions were undertaken with malicious, willful, and wanton disregard for Plaintiff's rights and safety.

79. That, based upon said Defendants' actions, Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages against Defendants in an amount exceeding twenty-five thousand dollars ($25,000.00).

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS GONZALES AND HART**
*(In the Alternative – Common Law Excessive Force in Making Lawful Arrest)*

80. Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

81. In arresting Plaintiff, Defendants Gonzales and Hart committed unconsented bodily contact with Plaintiff, which reasonably offended Plaintiff's personal dignity and caused Plaintiff physical pain and injury.

82. Assuming, *arguendo*, that probable cause existed to lawfully arrest Plaintiff, Defendant Gonzales manufactured any purported probable cause by antagonistically following, pointing, and shouting unlawful orders at Plaintiff as Plaintiff walked back towards his vehicle, which unnecessarily escalated and extended the encounter beyond the scope of Plaintiff's initial actions.

83. In arresting Plaintiff, Defendant Gonzales used excessive and unreasonable force in the following ways:

a) Closed fist punching Plaintiff in the head and face approximately thirteen (13) times, three (3) of which occurred while Defendant Hart physically restrained Plaintiff;

b) Placing Plaintiff in a headlock chokehold, which also occurred while Defendant Hart physically restrained Plaintiff;

c) Squeezing and twisting Plaintiff's neck while applying said headlock chokehold, which further occurred while Defendant Hart physically restrained Plaintiff;

d) Grabbing and squeezing Plaintiff throat;

e) Striking Plaintiff in the face approximately one (1) time;

f) Using his grip on Plaintiff's throat to lift Plaintiff into the air;

g) Using his grip on Plaintiff's throat to push Plaintiff back;

h) Using his grip on Plaintiff's throat to slam Plaintiff against Plaintiff's vehicle, and

i) Additional ways to be proven at trial.

84. In arresting Plaintiff, Defendant Hart used excessive and unreasonable force in the following ways:

a) Restraining Plaintiff from behind while Defendant Gonzales closed fist punched Plaintiff in the head and face;

b) Restraining Plaintiff from behind while Defendant Gonzales placed Plaintiff in a headlock chokehold;

c) Restraining Plaintiff from behind while Defendant Gonzales squeezed and twisted Plaintiff's neck in said headlock chokehold;

d) Restraining Plaintiff from behind while Defendant Gonzales grabbed and squeezed Plaintiff's throat;

e) Assisting Defendant Gonzales in lifting Plaintiff into the air, pushing Plaintiff back, and slamming Plaintiff into Plaintiff's vehicle, and

f) Additional ways to be proven at trial.

85. That the excessive force Defendants Gonzales and Hart used to arrest Plaintiff proximately caused Plaintiff to suffer painful bodily injuries and mental anguish.

86. That Defendant Gonzales' and Defendant Harts' actions were undertaken with malicious, willful, and wanton disregard for Plaintiff's rights and safety.

87. That, based upon said Defendants' actions, Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages against Defendants in an amount exceeding twenty-five thousand dollars ($25,000.00).

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS GONZALES AND HART
*(Section 1983 Excessive Force in Making Arrest)*

88. Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

89. At all times relevant hereto, Defendants Gonzales and Hart acted in their official capacities as DPD law enforcement officers and, therefore, acted under color of state law.

90. As alleged hereinabove, Defendants Gonzales and Hart used physical force to arrest Plaintiff.

91. At the time Defendants Gonzales and Hart used physical force to arrest Plaintiff, said Defendants lacked probable to effectuate a lawful arrest.

92. Alternatively, assuming *arguendo* that probable cause existed to lawfully arrest Plaintiff, Defendant Gonzales manufactured any purported probable cause by antagonistically following, pointing, and shouting unlawful orders at Plaintiff as Plaintiff walked back towards his vehicle, which unnecessarily escalated and extended the encounter beyond the scope of Plaintiff's initial actions.

93. As alleged hereinabove, Defendants Gonzales and Hart used excessive and unreasonable physical force to arrest Plaintiff.

94. That by using excessive physical force to arrest Plaintiff, Defendants Gonzales and Hart deprived Plaintiff of his Fourth (4th) Amendment right to be free from unreasonable seizure.

95. That the excessive physical force Defendants Gonzales and Hart used to arrest Plaintiff proximately caused Plaintiff to suffer painful bodily injuries and mental anguish.

96. That Defendant Gonzales' and Defendant Hart's actions were undertaken with reckless and callous indifference towards Plaintiff's federally protected rights, and that said Defendants' actions were maliciously motivated by evil intent.

97. That, based upon said Defendants' actions, Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages against Defendants in an amount exceeding twenty-five thousand dollars ($25,000.00).

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT HART
*(Common Law Malicious Prosecution – Criminal Proceeding)*

98. Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

99. That Defendant Hart instituted criminal proceedings against Plaintiff by way of charging Plaintiff with the following offenses:

   a) One misdemeanor count of Resisting a Public Officer (G.S. 14-223);

   b) One misdemeanor count of Impeding Traffic (G.S. 20-174.1);

   c) One misdemeanor count of Simple Possession of a Schedule II controlled substance (G.S. 90-95(d)(2));

   d) One misdemeanor count of Possession of Drug Paraphernalia (G.S. 90-113.22(a)), and

   e) One felony count of Felony Assault on a Law Enforcement Officer (G.S. 14-34.7(c)(1)).

100. That Defendant Hart instituted said criminal proceeding without probable cause.

101. While Plaintiff alleges that Defendant lacked probable cause to arrest and charge Plaintiff with the aforementioned offenses, Plaintiff pleads in the alternative that Defendant Gonzales, in Defendant Hart's presence, manufactured the existence of any purported probable cause Defendants may assert by antagonistically following, pointing, and shouting unlawful orders at Plaintiff as Plaintiff walked back towards his vehicle, which unnecessarily escalated and extended the encounter beyond the scope of Plaintiff's initial actions and, therefore, prevents Defendant from asserting the existence of any probable cause to bar Plaintiff's claims.

102. That Defendant instituted criminal proceedings against Plaintiff with malice.

103. Upon information and belief, in drafting the narrative portion of his incident report, Defendant Hart knowingly and intentionally misrepresented and fabricated how the encounter alleged herein occurred.

104.    Upon information and belief, Defendant Hart included misrepresentations and fabrications in the narrative portion of his incident report to support the criminal proceedings he instituted against Plaintiff and to justify Defendant Gonzales' violent attack on Plaintiff.

105.    By charging Plaintiff with the aforementioned offenses and fabricating the incident report he drafted in support of the same, Defendant Hart instituted and continued the criminal proceedings against Plaintiff with actual malice and for a corrupt purpose.

106.    That on June 1, 2021, after investigating the encounter and reviewing the video recording referenced in paragraph fifty-eight (58), the Harnett County District Attorney's Office voluntarily dismissed the following charges pending against Plaintiff under Harnett County case file numbers CR 50782 and CR 50783:

   a)  One misdemeanor count of Resisting a Public Officer (G.S. 14-223)

   b)  One misdemeanor count of Simple Possession of a Schedule II controlled substance (G.S. 90-95(d)(2))

   c)  One misdemeanor count of Possession of Drug Paraphernalia (G.S. 90-113.22(a)), and

   d)  One felony count of Felony Assault on a Law Enforcement Officer (G.S. 14-34.7(c)(1)).

107.    While on June 1, 2021, Plaintiff pled no contest to one misdemeanor count of Impeding Traffic (G.S. 20-174.1), Plaintiff's plea was neither an admittance of guilt nor an acknowledgment of any purported probable cause. Moreover, said count of Impeding Traffic does not arise out of the same act as the dismissed charges.

108.    That, based upon said Defendant Hart's actions, Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages against Defendants in an amount exceeding twenty-five thousand dollars ($25,000.00).

### SIXITH CLAIM FOR RELIEF AGASINT DEFENDANTS GONZALES AND HART
*(Common Law False Arrest/Imprisonment)*

109.    Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

110.    As alleged herein, by physically restraining and arresting Plaintiff at the intersection, and further transporting and processing Plaintiff into the Harnett County

Detention Center, Defendants Gonzales and Hart intentionally detained Plaintiff against his will.

111.     That said detention was unlawful in that Defendants Gonzales and Hart did not detain Plaintiff pursuant to a valid warrant, did not witness Plaintiff commit an arrestable offense, did not have reasonable grounds to believe Plaintiff committed a felony outside of their presence, and did not have probable cause to believe that Plaintiff committed any arrestable offense.

112.     That Defendant Gonzales' and Defendant Hart's actions were undertaken with malicious, willful, and wanton disregard for Plaintiff's rights and safety.

113.     That, based upon said Defendants' actions, Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages against Defendants in an amount exceeding twenty-five thousand dollars ($25,000.00).

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDATS GONAZALES AND HART
### *(Additional Violations of 42 U.S.C. § 1983)*

114.     Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

115.     At all times relevant hereto, Defendants Gonzales and Hart were sworn DPD law enforcement officers, acting in their official capacities as employees of Defendant City and, therefore, acted under color of state law.

116.     As alleged hereinabove, Defendants Gonzales falsely arrested and imprisoned Plaintiff.

117.     As alleged hereinabove, Defendant Hart falsely arrested, imprisoned, and maliciously prosecuted Plaintiff.

118.     By falsely arresting, imprisoning, and maliciously prosecuting Plaintiff, Defendants Gonzales and Hart "seized" Plaintiff.

119.     As alleged hereinabove, Defendant Gonzales' and Defendant Hart's seizure of Plaintiff was not supported by probable cause and, therefore, unlawful.

120.     As alleged hereinabove, Defendant Hart's prosecution of Plaintiff was not supported by probable cause and, therefore, unlawful.

121.     By falsely arresting, imprisoning, and maliciously prosecuting Plaintiff, Defendants Gonzales and Hart violated Plaintiff's Fourth (4th) Amendment right to be free from unreasonable seizure.

122.     That Defendant Gonzales' and Defendant Hart's violation of Plaintiff's Fourth (4th) Amendment right proximately caused Plaintiff to suffer painful bodily injuries, severe mental anguish, incur significant legal expenses, and a loss of reputation.

123.     That Defendant Gonzales' and Defendant Hart's actions were undertaken with reckless and callous indifference towards Plaintiff's federally protected rights, and that said Defendants' actions were maliciously motivated by evil intent.

124.     That, based upon said Defendants' actions, Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages against Defendants in an amount exceeding twenty-five thousand dollars ($25,000.00).

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS GONZALES AND HART
*(Common Law Negligence)*

125.     Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

126.     Defendants Gonzales and Hart owed Plaintiff a duty of care to act as reasonably prudent officers in connection with their interactions, detainment, and arrest of Plaintiff.

127.     Defendants Gonzales and Hart further owed Plaintiff a duty to refrain from using physical force to effectuate any arrest once the need for any such force ceased.

128.     In using the physical force alleged hereinabove to detain and arrest Plaintiff, Defendants Gonzales and Hart breached the duty of care they owed Plaintiff and acted negligently

129.     As a direct and proximate cause of Defendant Gonzales' and Hart's negligence, Plaintiff suffered painful bodily injuries and mental anguish.

130.     That, based upon said Defendants' actions, Plaintiff is entitled to recover compensatory damages in an amount exceeding twenty-five thousand dollars ($25,000.00).

# NINTH CLAIM FOR RELIEF AGAINST DEFENDANT CITY
## (*Negligent Hiring, Training, and Supervision*)

131.     Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

132.     Defendant city owed Plaintiff a duty of care to ensure that its police officers were properly hired, trained, and supervised to carry out law enforcement duties including, but not limited to, determining the existence of probable cause, making lawful arrest, using reasonable force to effectuate lawful arrest, drafting truthful and accurate incident reports, and refraining from instituting malicious criminal proceedings.

133.     Defendant City, by and through the acts and omissions of its officers acting within the course and scope of their employment, breached the duty of care it owed Plaintiff and acted negligently in the following ways:

    a) Upon information and belief, Defendant City failed to properly train Defendant Gonzales in how to respond to a citizen's non-threating expressions of frustration;

    b) Upon information and belief, Defendant City failed to properly train Defendant Gonzales in how to respond to a citizen's request for his badge number;

    c) Upon information and belief, Defendant City failed to properly train Defendant Gonzales to refrain from using physical force against a citizen who has not committed an arrestable offense;

    d) Upon information and belief, Defendant City failed to properly train Defendant Gonzales in determining whether probable cause exists to effectuate a lawful arrest;

    e) Upon information and belief, Defendant City failed to properly train Defendant Gonzales in the use of reasonable, appropriate force in making a lawful arrest;

    f) Upon information and belief, Defendant City failed to properly train Defendant Gonzales in the use of force continuum;

    g) Upon information and belief, Defendant City failed to properly supervise Defendant Gonzales when, upon information and belief, Defendant City knew or reasonably should have known that Defendant Gonzales previously used physical force in connection with an unlawful arrest;

    h) Upon information and belief, Defendant City failed to supervise Defendant Gonzales in his use of physical force when, upon information and belief,

Defendant City knew or reasonably should have known that Defendant Gonzales previously used excessive force to effectuate an arrest;

i) Upon information and belief, Defendant City negligently retained Defendant Gonzales when, upon information and belief, Defendant City knew or reasonably should have known that Defendant Gonzales previously used physical force in connection with an unlawful arrest;

j) Upon information and belief, Defendant City negligently retained Defendant Gonzales when, upon information and belief, Defendant City knew or reasonably should have known that Defendant Gonzales previously used excessive force to effectuate an arrest;

k) Upon information and belief, Defendant City failed to properly train Defendant Hart to refrain from using physical force against a citizen who has not committed an arrestable offense;

l) Upon information and belief, Defendant City failed to properly train Defendant Hart in determining whether probable cause exists to effectuate a lawful arrest;

m) Upon information and belief, Defendant City failed to properly train Defendant Hart in the use of reasonable, appropriate force to effectuate a lawful arrest;

n) Upon information and belief, Defendant City failed to properly train Defendant Hart in the use of force continuum;

o) Upon information and belief, Defendant City failed to properly train Defendant Hart in instituting criminal proceedings;

p) Upon information and belief, Defendant City failed to properly train Defendant Hart in drafting and generating accurate incident reports;

q) Upon information and belief, Defendant City failed to properly supervise Defendant Hart when, upon information and belief, Defendant City knew or reasonably should have known that Defendant Hart previously used physical force in connection with an unlawful arrest;

r) Upon information and belief, Defendant City failed to supervise Defendant Hart in his use of physical force when, upon information and belief, Defendant City knew or reasonably should have known that Defendant Hart previously used excessive force to effectuate an arrest;

s) Upon information and belief, Defendant City failed to supervise Defendant Hart in instituting criminal proceedings when, upon information and belief, Defendant City knew or reasonably should have known that Defendant Hart previously instituted criminal proceedings without probable cause;

t) Upon information and belief, Defendant City failed to supervise Defendant Hart in drafting and generating incident reports when, upon information and belief, Defendant City knew or should have known that Defendant Hart previously fabricated incident reports to support the criminal proceedings he instituted and to protect his fellow officers;

u) Upon information and belief, Defendant City negligently retained Defendant Hart when, upon information and belief, Defendant City knew or reasonably should have known that Defendant Hart previously used physical force in connection with an unlawful arrest;

v) Upon information and belief, Defendant City negligently retained Defendant Hart when, upon information and belief, Defendant City knew or reasonably should have known that Defendant Hart previously used excessive force to effectuate an arrest;

w) Upon information and belief, Defendant City negligently retained Defendant Hart when, upon information and belief, Defendant City knew or reasonably should have known that Defendant Hart previously instituted criminal proceedings without probable cause;

x) Upon information and belief, Defendant City negligently retained Defendant Hart when, upon information and belief, Defendant City knew or reasonably should have known that Defendant Hart previously fabricated incident reports to support the criminal proceedings he instituted and to protect his fellow officers, and

y) additional ways that may be revealed during discovery and/or proven at trial.

134.     As a direct and proximate cause of Defendant City's negligence, Plaintiff suffered painful personal injuries, was falsely imprisoned, maliciously prosecuted, deprived of his constitutional civil rights, incurred significant legal expenses, experienced mental anguish, embarrassment, and loss of reputation.

135.     That, based upon Defendant City's actions, Plaintiff is entitled to recover compensatory damages against Defendant in an amount exceeding twenty-five thousand dollars ($25,000.00).

**WHEREFORE**, Plaintiff prays the Court as follows:

1. That Plaintiff have and recover compensatory damages from Defendants, jointly and severally, in an amount exceeding twenty-five thousand dollars ($25,000.00).

2. That Plaintiff have and recover punitive damages from Defendants in an amount determined by a jury.

3. That Plaintiff have and recover all applicable interest provided by law.

4. That the costs of this action, including Plaintiff's reasonable attorney's fees, be taxed against Defendants.

5. For trial by jury on all issues so triable.

6. For such other and further relief as the Court deems just, fit, and proper.

This the 18 day of February, 2022.

POST | FOUSHEE | PATTON

Norman Charles Post, III
Attorney for Plaintiff
205 Courtland Drive
Sanford, North Carolina 27330
(919) 775-5616

NORTH CAROLINA

LEE COUNTY

Thomas Eugene Allen, being first duly sworn, deposes and says:

That he is the Plaintiff in this action and that he has read the foregoing Complaint and that the matters and things therein expressed are true to the best of his knowledge, except as to matters and things stated upon information and belief, and as to those he believes them to be true.

*Thomas Eugene Allen*
Thomas Eugene Allen

State of North Carolina
County of _Lee_

I certify that Thomas Eugene Allen, personally appeared before me this day, and:

✓ I have personal knowledge of the identity of the principal.
_____ I have seen satisfactory evidence of the principal's identity, by a current state or federal identification with the principal's photograph in the form of a driver's license.
_____ A credible witness has sworn to the identity of the principal.

The principal acknowledged to me that he voluntarily signed the foregoing document for the purpose stated therein.

This the 8th day of February, 2022.

*Jenny G Barger*
Notary Public
(Seal)

Tammy G Barger
NOTARY PUBLIC
Lee County County
North Carolina
My Commission Expires December 12, 2026

*Tammy G Barger*
Printed name of Notary Public

My commission expires: 12 - 12 - 2026

# STATE OF NORTH CAROLINA

HARNETT _____ County

| | |
|---|---|
| *File No.* | 22 CVS |

In The General Court Of Justice

*Name And Address Of Plaintiff*
Thomas Eugene Allen
c/o Norman Charles Post, III
P.O. Box 1320
Sanford,            NC    27331-1320

FILED
2022 MAR -2

**SERVICEMEMBERS CIVIL RELIEF ACT
AFFIDAVIT**

**VERSUS**

*Name And Address Of Defendant*
CITY OF DUNN
401 East Broad Street
Dunn, NC  28335

HARNETT CO., C.S.C.

BY

50 U.S.C. 3901 to 4043

**NOTE:** *Though this form may be used in a Chapter 45 Foreclosure action, it is not a substitute for the certification that may be required by G.S. 45-21.12A.*

## AFFIDAVIT

I, the undersigned Affiant, under penalty of perjury declare the following to be true:

1. As of the current date: *(check one of the following)*
   - ☐ a. I have personal knowledge that the defendant named above is in military service.*
   - ☐ b. I have personal knowledge that the defendant named above is **not** in military service.*
   - ☒ c. I am unable to determine whether the defendant named above is in military service.*

2. *(check one of the following)*
   - ☐ a. I used the Servicemembers Civil Relief Act Website (https://scra.dmdc.osd.mil/) to determine the defendant's military status.
     ☐ The results from my use of that website are attached.
     **(NOTE:** *The Servicemembers Civil Relief Act Website is a website maintained by the Department of Defense (DoD). If DoD security certificates are not installed on your computer, you may experience security alerts from your internet browser when you attempt to access the website. DoD security certificates were automatically added to the computers of all Judicial Branch users, such that these users should not expect security alerts to appear with this website after July of 2015. As of June 22, 2016, the Servicemembers Civil Relief Act Website includes the following advice: "Most web browsers don't come with the DoD certificates already installed. The best and most secure solution is for the user to install all of the DoD's public certificates in their web browser.")*
   - ☒ b. I have not used the Servicemembers Civil Relief Act Website and the following facts support my statement as to the defendant's military service: *(State how you know the defendant is not in the military. Be specific.)*

     the Plaintiff does not have sufficient information to use the above reference website.

**\*NOTE:** *The term "military service" includes the following: active duty service as a member of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; service as a member of the National Guard under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days for purposes of responding to a national emergency; active service as a commissioned officer of the Public Health Service or of the National Oceanic and Atmospheric Administration; any period of service during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause. 50 U.S.C. 3911(2).*

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | *Date* 3-3-22 |
|---|---|

| *Date* 3.2. 2022 | *Signature Of Affiant* |
|---|---|
| *Signature Of Person Authorized To Administer Oaths* Tammy G Barger | *Name Of Affiant (type or print)* Norman Charles Post, III |
| ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court  ☐ Magistrate | |

| **SEAL** ☒ Notary | *Date My Commission Expires* 12.12.2026 | Tammy G Barger<br>NOTARY PUBLIC<br>Lee County County<br>North Carolina<br>My Commission Expires December 12, 2026 |
|---|---|---|

**NOTE TO COURT:** *Do not proceed to enter judgment in a non-criminal case in which the defendant has not made an appearance until a Servicemembers Civil Relief Act affidavit (whether on this form or not) has been filed, and if it appears that the defendant is in military service, do not proceed to enter judgment until such time that you have appointed an attorney to represent him or her.*

(Over)

AOC-G-250, Rev. 2/18
© 2018 Administrative Office of the Courts

# Information About Servicemembers Civil Relief Act Affidavits

**1. Plaintiff to file affidavit**
In any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—
  (A)  stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
  (B)  if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.
50 U.S.C. 3931(b)(1).

**2. Appointment of attorney to represent defendant in military service**
If in a civil action or proceeding in which the defendant does not make an appearance it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If an attorney appointed to represent a service member cannot locate the service member, actions by the attorney in the case shall not waive any defense of the service member or otherwise bind the service member. 50 U.S.C. 3931(b)(2). State funds are not available to pay attorneys appointed pursuant to the Servicemembers Civil Relief Act. To comply with the federal Violence Against Women Act and in consideration of G.S. 50B-2(a), 50C-2(b), and 50D-2(b), plaintiffs in Chapter 50B, Chapter 50C, and Chapter 50D proceedings should not be required to pay the costs of attorneys appointed pursuant to the Servicemembers Civil Relief Act. Plaintiffs in other types of actions and proceedings may be required to pay the costs of attorneys appointed pursuant to the Servicemembers Civil Relief Act. The allowance or disallowance of the ordering of costs will require a case-specific analysis.

**3. Defendant's military status not ascertained by affidavit**
If based upon the affidavits filed in such an action, the court is unable to determine whether the defendant is in military service, the court, before entering judgment, may require the plaintiff to file a bond in an amount approved by the court. If the defendant is later found to be in military service, the bond shall be available to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for the plaintiff against the defendant, should the judgment be set aside in whole or in part. The bond shall remain in effect until expiration of the time for appeal and setting aside of a judgment under applicable Federal or State law or regulation or under any applicable ordinance of a political subdivision of a State. The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this Act. 50 U.S.C. 3931(b)(3).

**4. Satisfaction of requirement for affidavit**
The requirement for an affidavit above may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury. 50 U.S.C. 3931(b)(4). The presiding judicial official will determine whether the submitted affidavit is sufficient.

**5. Penalty for making or using false affidavit**
A person who makes or uses an affidavit permitted under 50 U.S.C. 3931(b) (or a statement, declaration, verification, or certificate as authorized under 50 U.S.C. 3931(b)(4)) knowing it to be false, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both. 50 U.S.C. 3931(c).